## N. Y. COMMON PLEAS.

DANIEL S. RIDDLE, plaintiff and respondent, agt. HENRY A. CRAM, defendant and appellant.

*Referee in supplementary proceedings — Suit for fees — Referee not allowed to show that property was discovered — Such evidence improper.*

A referee appointed in supplementary proceedings suing for fees will not be permitted to show that property was discovered upon the examination, or that the judgment was in consequence paid. His action is upon the statute, and although the answer denies the rendition of any services, such evidence is improper, as it may unjustly influence the jury.

*General Term, January,* 1882.

APPEAL from an order of the marine court, general term, affirming a judgment entered upon the verdict of a jury, in an action tried before justice McADAM.

The trial judge charged the jury that the plaintiff, if allowed to recover at all, was not entitled to more than three dollars for each day spent upon the business of the reference, that being the sum fixed by the Code in force at the time when the service was rendered. The jury allowed forty-six meetings at this rate, making in all $138.

*H. S. Cram,* for appellant.

*D. S. Riddle,* for respondent.

VAN BRUNT, *P. J.* — This is an action to recover referee's fees by a referee appointed in supplemental proceedings. The defenses were a denial that the plaintiff ever rendered any services to the defendant and the statute of limitations.

The plaintiff in his complaint alleged the value of the services to be a certain sum, and this was denied by the answer. The evidence shows that the defendant in this action was an assignee of the judgment upon which the supplemental proceedings were had; that he was cognizant of the reference, and that he appeared before the referee and urged that it should proceed, and it was also testified by one of the witnesses, Gerding, that the defendant knew of the reference and approved of it. This was more than was necessary to establish a liability upon the part of the defendant for the fees which he had incurred upon that reference. It was urged upon the part of the appellant that the reference never having been terminated, no cause of action accrued. It would seem that a complete answer to this objection is presented by the evidence of the fact that the proceedings were suspended, and that the judgment upon which the proceedings were founded was paid in full to the defendant and the judgment satisfied.

Several exceptions to the introduction of testimony were taken, some of which seem to be well founded. It is true that the plaintiff alleged a *quantum meruit*, and that the answer denied it, but the theory upon which the plaintiff based his recovery was the compensation fixed by the statute, and had nothing to do whatever with the nature of the services, or with their value, but simply depended upon their rendition. Under such circumstances the evidence in regard to the nature of the services and their value seems to have been entirely immaterial.

The plaintiff in this action had no right to raise the issue of a *quantum meruit*, and although it was denied by the answer, that did not authorize him to introduce proof upon that issue, when the amount which he could recover was

that which the statute had fixed as compensation for such services.

Therefore, the question in the twelfth interrogatory propounded to the witness Gerding, as follows: "State whether or not the examination of Van Valkenberg disclosed property or showed that he had means to pay the judgment upon which the proceedings had been based?" was clearly improper, particularly when we consider the nature of the answer, which was as follows: The examination of Van Valkenberg disclosed that he had a large amount of money, and it was in consequence of that fact that the judgment was paid.

This testimony may have influenced the jury in determining the question as to whether Mr. Riddle had been employed by Mr. Cram or Mr. Gerding, which was a very material issue in the case as presented by the evidence.

We think, therefore, that the admission of that evidence being erroneous under the theory of the plaintiff's action, the judgment must be reversed and a new trial ordered, with costs to abide the event.

BEACH, J., concurred.